# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 24-1536V

|  |  |
|---|---|
| JOEL PRATT,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: May 13, 2025 |

*Elizabeth Kyla Abramson*, Mctlaw, Washington, DC, for Petitioner.

*James Connor Daughton*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

  On August 30, 2024, Joel Pratt filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a "Table Injury" of shoulder injury related to vaccine administration ("SIRVA"), as the result of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccination and a Hepatitis A and B ("Twirix") vaccination received on July 2, 2023. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On May 13, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On May 5, 2025, Respondent filed a proffer on award of compensation indicating Petitioner should be awarded $61,597.89 (consisting of $60,500.00 for pain and suffering and $1,097.89 for past unreimbursable expenses).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Respondent's Rule 4(c) Report Conceding Entitlement to Compensation ("Proffer") at 8-9. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award Petitioner a lump sum payment of $61,597.89 (consisting of $60,500.00 for pain and suffering and $1,097.89 for past unreimbursable expenses) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.